JANUARY 16, 1963

No. 67349.—In the matter of the disbarment of Jules Chopak.—Before LAWRENCE, Presiding Judge, OLIVER, Chief Judge, and JOHNSON, Judge:

On the 22d day of October 1962, the Supreme Court of the United States entered an order, No. 53, Misc. In re Disbarment of Chopak, 371 U.S. 874, which reads as follows:

It having been reported to the Court that Jules Chopak, of Brooklyn, State of New York, has been disbarred from the practice of law in all the courts of the State of New York by judgment of the Appellate Division of the Supreme Court of the State of New York, First Judicial Department, duly entered on the 30th day of June, A.D., 1960, and this Court by order of April 6, 1962, having suspended the said Jules Chopak from the practice of law in this Court and directed that a rule issue requiring him to show cause why he should not be disbarred;

And it appearing that the said rule was duly issued and served upon the respondent, who has filed a return thereto; now, upon consideration of the rule to show cause and the return aforesaid;

IT IS ORDERED that the said Jules Chopak be, and he is hereby disbarred, and that his name be stricken from the roll of attorneys admitted to practice before the Bar of this Court.

A certified copy of the above order was transmitted to the clerk of this court and brought into operation the disbarment procedure of rule 11 of the court.

Pursuant to the provisions of rule 11, a copy of said order was served upon the respondent, who duly filed an answer thereto. The chief judge, having examined the order and answer, and finding probable cause for invoking the disciplinary powers of the court, entered an order designating three judges as a special division of the court to hear and determine the matter.

Upon the date fixed for the hearing before the special division, consisting of Judge Lawrence, presiding, Chief Judge Oliver, and Judge Johnson, said Jules Chopak appeared in person and was afforded every opportunity to present whatever reasons he might advance against disbarment.

Respondent stated that he had nothing to offer in addition to the documents heretofore submitted to the chief judge; that he appeared before the court at this time solely for the purpose of asking the court to suspend action in these proceedings for an indeterminate period during which time respondent might decide to petition the Court of Appeals of the State of New York to grant a review of the order of the Supreme Court, Appellate Division, First Department, entered June 30, 1960, referred to in the order of the Supreme Court of the United States, *supra*. (Matter of Julius CHOPAK (Also known as Jules Chopak), An Attorney), 202 N.Y.S. (2d) 46.

Respondent further stated that if the court denied his request for an indefinite continuance the only alternative would be disbarment.

After a thorough examination and careful review of all the papers and proceedings had herein, it is the considered opinion of the court that the request for a suspension or continuance of the proceedings herein should be, and is hereby,

179

denied; that said Jules Chopak should be, and he is hereby, disbarred; and that his name be stricken from the roll of attorneys admitted to practice before the bar of this court.

It is so ORDERED.